# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

HEADWATER RESEARCH LLC,

              *Plaintiff*,

    v.

T-MOBILE USA, INC. and SPRINT LLC,

              *Defendants*.

Case No. 2:25-cv-00164

JURY TRIAL DEMANDED

## T-MOBILE'S ANSWER AND DEFENSES TO
## PLAINTIFF'S COMPLAINT FOR PATENT INFRINGEMENT

Defendants T-Mobile USA, Inc. and Sprint LLC,[1] (collectively, "T-Mobile" or "T-Mobile Defendants"), by and through the undersigned counsel, hereby submit the following Answer in response to the Complaint for Patent Infringement ("Complaint") filed by Plaintiff Headwater Research LLC ("Headwater" or "Plaintiff").

### GENERAL DENIAL

Unless specifically admitted below, T-Mobile denies each and every allegation in the Complaint. To the extent any factual allegation below is admitted, it is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications, or speculations that arguably may follow from the admitted facts. No admission below should be construed as an admission or concession regarding the relevance of any allegation of the Complaint. Nor should any admission below be construed as an admission or concession regarding the accuracy, authenticity, admissibility, or relevance of any documents cited or referenced in the

---

[1] Sprint LLC is a wholly owned, direct subsidiary of T-Mobile USA, Inc. and is a holding company that does not provide any products, services, or networks. As such, T-Mobile denies that Sprint LLC is properly named as a party to this lawsuit.

Complaint.  T-Mobile further denies that Plaintiff is entitled to the relief requested or to any other relief.  The headings below track those used in the Complaint and are for convenience only.  They do not constitute any part of T-Mobile's Answer or any admission by T-Mobile as to the truth of the matters asserted.  To the extent the headings of the Complaint are construed as allegations, they are each denied.

## RESPONSE TO NUMBERED PARAGRAPHS IN THE COMPLAINT

### BACKGROUND

1.     T-Mobile denies the allegations of Paragraph 1 of the Complaint. T-Mobile specifically denies any allegations of infringement with respect to U.S. Patent Nos. 8,639,935 ("'935 Patent"), 8,832,777 ("'777 Patent"), 9,973,930 ("'930 Patent"), 11,966,464 ("'464 Patent"), and 11,985,155 ("'155 Patent") (collectively, "Asserted Patents").

2.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis denies each and every allegation.

3.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3, and on that basis denies each and every allegation. T-Mobile admits that Plaintiff purports to quote from a website, which speaks for itself.  To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 3.

4.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4, and on that basis denies each and every allegation. T-Mobile admits that Plaintiff purports to quote from a website, which speaks for itself.  To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 4.

5.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies each and every allegation.

6.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth

of the allegations of Paragraph 6, and on that basis denies each and every allegation.

7.      T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7, and on that basis denies each and every allegation.

8.      T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies each and every allegation.

9.      T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 9, and on that basis denies each and every allegation.

10.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies each and every allegation.

11.     T-Mobile admits that smartphones and other mobile devices have become widely used in the past few decades and that they may include features which allow subscribers to make and receive phone calls, get notifications, download music, upload photos, stream entertainment, transact business, exchange ideas, and connect to family and friends.  T-Mobile also admits that it is possible to exchange large amounts of data over the internet using certain wireless and cellular networks.  Except as expressly admitted, T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the remaining characterizations contained in Paragraph 11 and on that basis denies them.

12.     T-Mobile admits that Plaintiff purports to quote from multiple websites, which websites speak for themselves.  To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 12. Except as expressly admitted, T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 12, and on that basis denies each and every allegation.

13.     T-Mobile admits that Plaintiff purports to quote from multiple websites, which websites speak for themselves.  To the extent that Plaintiff has mischaracterized such content, T-

Mobile denies the allegations in Paragraph 13. Except as expressly admitted, T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 13, and on that basis denies each and every allegation.

14.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 14, and on that basis denies each and every allegation.

## NOTICE OF THE ASSERTED PATENTS

1.     T-Mobile denies the allegations of Paragraph 1[2] of the Complaint.

2.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 2, and on that basis denies each and every allegation.

3.     T-Mobile admits that ItsOn and Sprint had business-related discussions.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 3 of the Complaint.

4.     T-Mobile denies the allegations of Paragraph 4 of the Complaint.

5.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 5, and on that basis denies each and every allegation.

6.     T-Mobile denies the allegations of Paragraph 6 of the Complaint.

7.     T-Mobile denies the allegations of Paragraph 7 of the Complaint.

8.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 8, and on that basis denies each and every allegation.

9.     T-Mobile denies the allegations of Paragraph 9 of the Complaint.

10.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 10, and on that basis denies each and every allegation.

11.     T-Mobile admits that certain ItsOn software was installed on certain Android

---

[2] The numbering of the paragraphs in the Complaint appears to start over on page 7 as Paragraph 1, following Paragraph 14. For consistency, T-Mobile adopts this numbering and intends for this Paragraph 1 to correspond to Paragraph 1 on page 7 of the Complaint.

devices sold by Sprint. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 11 of the Complaint.

12.     T-Mobile admits that, in 2015, certain Android devices sold by Sprint included certain ItsOn software. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 12 of the Complaint.

13.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 13, and on that basis denies each and every allegation.

14.     T-Mobile denies the allegations of Paragraph 14 of the Complaint.

15.     T-Mobile denies the allegations of Paragraph 15 of the Complaint.

16.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16, and on that basis denies each and every allegation.

17.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 17, and on that basis denies each and every allegation.

18.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18, and on that basis denies each and every allegation.

19.     T-Mobile denies the allegations of Paragraph 19 of the Complaint.

20.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20, and on that basis denies each and every allegation.

21.     T-Mobile admits that on October 27, 2015, Sprint notified ItsOn that, in accordance with Section 7.2 of the Master Service Agreement effective January 15, 2014, Sprint was providing its notice to terminate SOWs 2014FEB27ITS and 2014OCT22ITS for convenience, effective on January 27, 2016.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 21 of the Complaint.

22.     T-Mobile admits that, after October 27, 2015, Sprint employees met with ItsOn

5

employees.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 22 of the Complaint.

23.     T-Mobile denies the allegations of Paragraph 23 of the Complaint.

24.     T-Mobile admits that, subsequent to 2016, Sprint sold certain mobile devices with features and functionalities that may have allowed users to reduce data usage and/or power consumption.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 24 of the Complaint

### PLAINTIFF HEADWATER AND THE PATENTS-IN-SUIT

25.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 25, and on that basis denies each and every allegation.

26.     T-Mobile admits that Exhibit 1 purports to be a copy of the '935 Patent. Except as expressly admitted, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 26, and on that basis denies each and every allegation.

27.     T-Mobile admits that Exhibit 2 purports to be a copy of the '777 Patent. Except as expressly admitted, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 27, and on that basis denies each and every allegation.

28.     T-Mobile admits that Exhibit 3 purports to be a copy of the '930 Patent. Except as expressly admitted, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 28, and on that basis denies each and every allegation.

29.     T-Mobile admits that Exhibit 4 purports to be a copy of the '464 Patent. Except as expressly admitted, T-Mobile is without knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of Paragraph 29, and on that basis denies each and every allegation.

30.     T-Mobile admits that Exhibit 5 purports to be a copy of the '155 Patent.[3] Except as expressly admitted, T-Mobile is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 30, and on that basis denies each and every allegation.

## DEFENDANTS AND THE ACCUSED INSTRUMENTALITIES

31.     T-Mobile admits that T-Mobile USA, Inc. is a Delaware corporation with a principal place of business located at 12920 Southeast 38th Street, Bellevue, Washington 98006. T-Mobile admits that T-Mobile USA, Inc. may be served with process through its registered agent, Corporation Service Company. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 31 of the Complaint.

32.     T-Mobile admits that since on or about November 22, 1999, T-Mobile USA, Inc. has been registered to do business in the state of Texas. T-Mobile admits that T-Mobile USA, Inc. operates a wireless communications network and offers for sale certain wireless products and services within the Eastern District of Texas.  Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 32 of the Complaint.

33.     T-Mobile admits that Sprint LLC is a Delaware limited liability corporation. T-Mobile denies that Sprint LLC is properly named as a party to this lawsuit.[4] Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 33 of the Complaint.

34.      T-Mobile denies the allegations of Paragraph 34 of the Complaint.

---

[3] Paragraph 30 of the Complaint states that the '155 Patent is titled "Automated device provisioning and activation." However, "Automated device provisioning and activation" appears to be the title of the '935 Patent, not the '155 Patent.

[4] *See, supra*, footnote 1.

35.     T-Mobile admits that the Complaint purports to accuse mobile electronic devices, cellular networks, servers, and services of patent infringement. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 35 of the Complaint.

## JURISDICTION AND VENUE

36.     T-Mobile admits that the Complaint purports to state a claim for patent infringement arising under Title 35 of the United States Code. T-Mobile denies that it infringes any of the Asserted Patents and denies the remaining allegations in Paragraph 36 of the Complaint.

37.     T-Mobile admits that the Complaint purports to state claims over which the Court would have subject matter jurisdiction.

38.     T-Mobile specifically denies that it has committed any act of infringement. The remaining allegations of Paragraph 38 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, T-Mobile admits that T-Mobile USA, Inc. has conducted business in this district. T-Mobile specifically denies that the Court has personal jurisdiction over Sprint LLC. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 38 of the Complaint.

39.     T-Mobile denies the allegations of Paragraph 39 of the Complaint.

40.     T-Mobile specifically denies that it has committed any act of infringement. Solely with respect to T-Mobile USA, Inc., T-Mobile does not contest venue in this district for purposes of this litigation only but denies that this district is the most convenient venue for litigation of the claims in the Complaint and reserves the right to assert that a change of venue under 28 U.S.C. § 1404 is appropriate. T-Mobile specifically denies that venue is proper in this district for Sprint LLC. The remaining allegations of Paragraph 40 of the Complaint contain legal conclusions to which no response is required. To the extent as response is deemed required, T-Mobile denies the allegations of Paragraph 40 of the Complaint.

41.     T-Mobile specifically denies that it has committed any act of infringement. T-

Mobile admits that Plaintiff purports to quote from a website, which website speaks for itself. To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 41. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 41 of the Complaint.

42.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile admits that Plaintiff purports to quote from a website, which website speaks for itself. To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 42. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 42 of the Complaint.

43.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile admits that T-Mobile USA, Inc. operates a wireless communications network and offers for sale certain wireless products and services within the Eastern District of Texas. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 43 of the Complaint.

44.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile admits that Plaintiff purports to quote from a website, which website speaks for itself. To the extent that Plaintiff has mischaracterized such content, T-Mobile denies the allegations in Paragraph 44. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 44 of the Complaint.

### COUNT 1 – CLAIM FOR INFRINGEMENT OF THE '935 PATENT

45.    No response is required to Plaintiff's reference and incorporation of Paragraphs above. To the extent a response is deemed required, T-Mobile repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-14, and Paragraphs 1-44, as set forth above.

46.    T-Mobile admits that Exhibit 1 purports to be a copy of the '935 Patent, entitled "Automated device provisioning and activation" and which issued on January 28, 2014.

9

47.    T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 and on that basis denies each and every allegation.

48.    The allegations of Paragraph 48 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, T-Mobile denies the allegations of Paragraph 48 of the Complaint.

49.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies that Plaintiff has provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. The allegations of Paragraph 49 of the Complaint set forth legal conclusions to which no response is required. To the extent a response is deemed required, T-Mobile denies the allegations of Paragraph 49 of the Complaint.

50.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 50 of the Complaint.

51.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile admits that Exhibit 6 purports to be a claim chart related to the '935 Patent. T-Mobile specifically denies that it has infringed any of the referenced claims of the '935 Patent through its products or technology. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 51 of the Complaint.

52.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 52 of the Complaint.

53.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 53 of the Complaint.

54.    T-Mobile specifically denies that it has committed any act of infringement.  T-

Mobile denies the allegations of Paragraph 54 of the Complaint.

55.     T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 55 of the Complaint.

56.     T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 56 of the Complaint.

## COUNT 2 – CLAIM FOR INFRINGEMENT OF THE '777 PATENT

57.     No response is required to Plaintiff's reference and incorporation of Paragraphs above.  To the extent a response is deemed required, T-Mobile repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-14, and Paragraphs 1-56, as set forth above.

58.     T-Mobile admits that Exhibit 2 purports to be a copy of the '777 Patent, entitled "Adapting network policies based on device service processor configuration" and which issued on September 9, 2014.

59.     T-Mobile does not have knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 59 and on that basis denies each and every allegation.

60.     The allegations of Paragraph 60 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, T-Mobile denies the allegations of Paragraph 60 of the Complaint.

61.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies that Plaintiff has provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. To the extent that the allegations of Paragraph 61 set forth legal conclusions, no response is required. To the extent a response is deemed required,

T-Mobile denies the allegations of Paragraph 61 of the Complaint.

62.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 62 of the Complaint.

63.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile admits that Exhibit 7 purports to be a claim chart related to the '777 Patent. T-Mobile specifically denies that it has infringed any of the referenced claims of the '777 Patent through its products or technology. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 63.

64.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 64 of the Complaint.

65.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 65 of the Complaint.

66.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 66 of the Complaint.

67.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 67 of the Complaint.

68.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies the allegations of Paragraph 68 of the Complaint.

### COUNT 3 – CLAIM FOR INFRINGEMENT OF THE '930 PATENT

69.    No response is required to Plaintiff's reference and incorporation of the Paragraphs above. To the extent a response is deemed required, T-Mobile repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-14, and Paragraphs 1-68, as set forth above.

70.    T-Mobile admits that Exhibit 3 purports to be a copy of the '930 Patent, entitled

"End user device that secures an association of application to service policy with an application certificate check" and which issued on May 15, 2018.

71.     T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of those allegations in Paragraph 71 and on that basis denies each and every allegation.

72.     The allegations of Paragraph 72 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, T-Mobile denies the allegations of Paragraph 72 of the Complaint.

73.     T-Mobile specifically denies that it has committed any act of infringement. T-Mobile denies that Plaintiff has provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. To the extent that the allegations of Paragraph 73 set forth legal conclusions, no response is required. To the extent a response is deemed required, T-Mobile denies the allegations of Paragraph 73 of the Complaint.

74.     T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 74 of the Complaint.

75.     T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 75 of the Complaint. T-Mobile admits that Exhibit 8 purports to be a claim chart related to the '930 Patent. T-Mobile specifically denies that it has infringed any of the referenced claims of the '930 Patent through its products or technology. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 75 of the Complaint.

76.     T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 76 of the Complaint.

77.     T-Mobile specifically denies that it has committed any act of infringement.  T-

Mobile denies the allegations of Paragraph 77 of the Complaint.

78.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 78 of the Complaint. T-Mobile admits that Exhibit 8 purports to be a claim chart related to the '930 Patent. T-Mobile specifically denies that it has infringed any of the referenced claims of the '930 Patent through its products or technology. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 78 of the Complaint.

79.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 79 of the Complaint.

80.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 80 of the Complaint.

81.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 81 of the Complaint.

**COUNT 4 – CLAIM FOR INFRINGEMENT OF THE '464 PATENT**

82.    No response is required to Plaintiff's reference and incorporation of the Paragraphs above.  To the extent a response is deemed required, T-Mobile repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-14, and Paragraphs 1-81, as set forth above.

83.    T-Mobile admits that Exhibit 4 purports to be a copy of the '464 Patent, entitled "Security techniques for device assisted services" and which was issued on April 23, 2024.

84.    T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 84, and on that basis denies each and every allegation.

85.    The allegations of Paragraph 85 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, T-Mobile denies the

allegations of Paragraph 85 of the Complaint.

86.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies that Plaintiff has provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. To the extent that the allegations of Paragraph 86 set forth legal conclusions, no response is required. To the extent a response is deemed required, T-Mobile denies the allegations of Paragraph 86 of the Complaint.

87.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 87 of the Complaint.

88.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile admits that Exhibit 9 purports to be a claim chart related to the '464 Patent. T-Mobile specifically denies that it has infringed any of the referenced claims of the '464 Patent through its products or technology. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 88 of the Complaint.

89.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 89 of the Complaint.

90.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 90 of the Complaint.

91.    T-Mobile denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 91, including any allegations of infringement of the '464 Patent. T-Mobile admits that Exhibit 9 purports to be claim charts related to the '464 Patent. T-Mobile specifically denies that it has infringed any of the referenced claims of the '464 Patent through its products or technology. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 91 of the Complaint.

92.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 92 of the Complaint.

93.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 93 of the Complaint.

94.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 94 of the Complaint.

**COUNT 5 – CLAIM FOR INFRINGEMENT OF THE '155 PATENT**

95.    No response is required to Plaintiff's reference and incorporation of the Paragraphs above.  To the extent a response is deemed required, T-Mobile repeats and incorporates by reference, as if fully set forth herein, its answers to Paragraphs 1-14, and Paragraphs 1-94, as set forth above.

96.    T-Mobile admits that Exhibit 5 purports to be a copy of the '155 Patent, entitled "Communications device with secure data path processing agents" and which issued on May 14, 2024.

97.    T-Mobile lacks knowledge or information sufficient to form a belief as to the truth of those allegations contained in Paragraph 97 of the Complaint and on that basis denies each and every allegation.

98.    The allegations of Paragraph 98 of the Complaint contain legal conclusions to which no response is required. To the extent a response is deemed required, T-Mobile denies the allegations of Paragraph 98 of the Complaint.

99.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies that Plaintiff has provided sufficient notice of this patent for any relevant purpose under patent law including specifically for damages (such as for marking), for indirect infringement and for allegations of willfulness. To the extent that the allegations of Paragraph 99 set forth legal conclusions, no response is required. To the extent a response is deemed required,

16

T-Mobile denies the allegations of Paragraph 99 of the Complaint.

100.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 100 of the Complaint.

101.    T-Mobile specifically denies that it has committed any act of infringement. T-Mobile admits that Exhibit 10 purports to be a claim chart related to the '155 Patent. T-Mobile specifically denies that it has infringed any of the referenced claims of the '155 Patent through its products or technology. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 101 of the Complaint.

102.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 102 of the Complaint.

103.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 103 of the Complaint.

104.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile admits that Exhibit 10 purports to be a claim chart related to the '155 Patent. T-Mobile specifically denies that it has infringed any of the referenced claims of the '155 Patent through its products or technology. Except as expressly admitted, T-Mobile denies the remaining allegations of Paragraph 104 of the Complaint.

105.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 105 of the Complaint.

106.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 106 of the Complaint.

107.    T-Mobile specifically denies that it has committed any act of infringement.  T-Mobile denies the allegations of Paragraph 107 of the Complaint.

**RESPONSE TO PLAINTIFF'S JURY DEMAND**

108.    T-Mobile demands a jury trial pursuant to Fed. R. Civ. P. 38.

## RESPONSE TO PLAINTIFF'S RELIEF REQUESTED

T-Mobile denies that Plaintiff is entitled to any relief, including but not limited to the relief sought by Plaintiff under Paragraphs (A) through (F) of the Complaint.

## T-MOBILE'S AFFIRMATIVE DEFENSES

T-Mobile incorporates by reference the foregoing paragraphs in their entirety and asserts the following Affirmative Defenses. T-Mobile alleges and asserts the following defenses in response to the allegations, without admitting or acknowledging that T-Mobile bears the burden of proof as to any of them or that any must be pleaded as defenses.  In addition to the defenses described below, T-Mobile specifically reserves all rights to amend its Answer and assert additional defenses that become known through the course of discovery.

## FIRST AFFIRMATIVE DEFENSE
### (NO INFRINGEMENT)

1.    T-Mobile has not infringed and does not infringe, either literally or under the doctrine of equivalents, any valid and enforceable claim of the Asserted Patents, in any manner including under any section of 35 U.S.C. § 271, including 35 U.S.C. §271(a), (b), and/or (c), willfully or otherwise. T-Mobile has not performed any act and are not proposing to perform any act in violation of any rights validly belong to Plaintiff.

## SECOND AFFIRMATIVE DEFENSE
### (INVALIDITY)

2.    The asserted claims of the Asserted Patents are invalid and unenforceable for failure to satisfy the requirements of Title 35 of the United States Code, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112 *et seq*., non-statutory obviousness-type double patenting, and/or the rules, regulations, and laws pertaining thereto.

## THIRD AFFIRMATIVE DEFENSE
### (NOTICE, DAMAGES, AND COSTS)

3.    Plaintiff's claims for damages are statutorily limited under 35 U.S.C. §§ 252, 286, 287, or 307.  To the extent Plaintiff or its licensees have failed to comply with the marking and notice requirements of 35 U.S.C. § 287(a), Plaintiff's requested relief is barred, in whole or in part, for any damages arising from T-Mobile's alleged infringement prior to at least the date of the filing of the original Complaint or otherwise limited by 35 U.S.C. § 286.

4.    Plaintiff is barred from recovering costs in connection with this action under 35 U.S.C. § 288.

5.    Plaintiff's claims for relief are limited by the doctrines of full compensation, exhaustion, and/or first sale, and Plaintiff is not entitled to a double recovery.

### FOURTH AFFIRMATIVE DEFENSE
### (FAILURE TO STATE A CLAIM)

6.    The Complaint fails to state a claim upon which relief can be granted.

### FIFTH AFFIRMATIVE DEFENSE
### (LICENSE, EXHAUSTION, WAIVER, AND ESTOPPEL)

7.    Plaintiff's claims are barred, in whole or in part, by license, exhaustion, and/or the doctrines of waiver and/or equitable estoppel.

### SIXTH AFFIRMATIVE DEFENSE
### (STATUTORY LIMITATIONS)

8.    To the extent certain products accused of infringing the Asserted Patents are used by and/or manufactured for the United States Government and/or public good, Plaintiff's claims involving T-Mobile products or technology may not be pursued in this Court and are subject to other limitations pursuant to 28 U.S.C. § 1498.

### SEVENTH AFFIRMATIVE DEFENSE
### (WAIVER, EQUITABLE ESTOPPEL, ACQUIESCENCE, UNCLEAN HANDS)

9.    Plaintiff's claims are barred, in whole or in part, or its remedies limited under the principles of equity, including the doctrines of waiver, implied waiver, equitable estoppel,

acquiescence, and/or unclean hands and including but not limited to, prosecution history estoppel arising from the patentee's actions, representations, or conduct before the United States Patent and Trademark Office during prosecution of the Asserted Patents.

## EIGHTH AFFIRMATIVE DEFENSE
### (NO WILLFUL INFRINGEMENT)

10.    On information and belief, T-Mobile has not knowingly or with reckless disregard willfully infringed valid and enforceable claims of the asserted patents and does not knowingly or with reckless disregard willfully infringe any valid and enforceable claims of the asserted patents. For at least these reasons, Plaintiff cannot maintain a claim of willfulness.

## NINTH AFFIRMATIVE DEFENSE
### (NO EXCEPTIONAL CASE)

11.    Headwater cannot prove that this is an exceptional case justifying award of attorney's fees against T-Mobile pursuant to 35 U.S.C. § 285.

## TENTH AFFIRMATIVE DEFENSE
### (NO ATTORNEYS' FEES)

12.    Plaintiff is not entitled to attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, including because none of Plaintiff's claims are valid.

## ELEVENTH AFFIRMATIVE DEFENSE
### (NO STANDING)

13.    Plaintiff's claims are barred because Plaintiff lacks standing to bring this suit. Specifically, Plaintiff cannot prove that it is the sole rightful owner of the Asserted Patents.

## TWELFTH AFFIRMATIVE DEFENSE
### (PRIOR COMMERCIAL USE – 35 U.S.C. § 273)

14.    Plaintiff is not entitled to attorneys' fees under Section 38.001 of the Texas Civil Practice and Remedies Code, including because none of Plaintiff's claims are valid.

## THIRTEENTH AFFIRMATIVE DEFENSE
### (RESERVATION OF DEFENSES)

15.    T-Mobile reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, as well as any other defenses at law or in equity that may exist now or that may be available in the future.

## PRAYER FOR RELIEF

WHEREFORE, T-Mobile asks this Court to enter judgment in favor of T-Mobile and against Plaintiff by granting the following relief:

A.    A dismissal of all claims in Plaintiff's Complaint with prejudice and a complete denial of Plaintiff's request for damages, interest, costs, expenses, accounting, attorneys' fees, and any other form of relief, and

B.    An award to T-Mobile of their reasonable attorneys' fees, costs, and all interest (including without limitation any attorney fee awards based upon 35 U.S.C. § 285) and any such other and further relief as the Court finds just and proper.

## COUNTERCLAIMS

Without admitting any of the allegations of the Complaint other than those expressly admitted herein, and without prejudice to the right to plead any additional counterclaims as the facts of the matter warrant, pursuant to Rule 13 of the Federal Rules of Civil Procedure, Defendant and Counterclaim-Plaintiff T-Mobile USA, Inc. ("T-Mobile" or "T-Mobile Counterclaimant") asserts the following Counterclaims against Plaintiff Headwater Innovations Ltd. ("Headwater" or "Counterclaim-Defendant").

## THE PARTIES

1.    Defendant and Counterclaim-Plaintiff T-Mobile USA, Inc. is a corporation organized and existing under the laws of Delaware with a principal place of business at 12920 Southeast 38th Street, Bellevue, Washington 98006.

2.    Upon information and belief, and according to the allegations in its Complaint,

Headwater is a Texas limited liability company organized under the laws of Texas. According to Headwater's Complaint, its headquarters are located at 110 North College Avenue, Suite 1116, Tyler, Texas 75702.

3.      Headwater's Complaint alleges it is the owner of U.S. Patent Nos. 8,639,935 ("'935 Patent"), 8,832,777 ("'777 Patent"), 9,973,930 ("'930 Patent"), 11,966,464 ("'464 Patent"), and 11,985,155 ("'155 Patent") (collectively, the "Asserted Patents"). Upon information and belief, "Headwater Partners I LLC" is identified as the assignee on the face of the '935 Patent and the '777 Patent. Upon information and belief, "Headwater Research LLC" is identified as the assignee on the face of the '930 Patent, the '464 Patent, and the '155 Patent.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction over these counterclaims under 28 U.S.C. §§ 1331, 1338(a), 28 U.S.C. §§ 2201, 2202, and 35 U.S.C. §§ 271, et seq.

5.      Headwater has subjected itself to personal jurisdiction by maintaining its lawsuit against T-Mobile in this judicial district.

6.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391.

7.      Headwater has sued T-Mobile for infringement of the Asserted Patents. T-Mobile denies infringement and denies that the claims of the Asserted Patents are valid. Therefore, there is a substantial, actual, and continuing controversy between Headwater and T-Mobile as to the validity and infringement of the Asserted Patents.

## NATURE OF THE ACTION

8.      Based on the Complaint, Headwater has substantial rights and interests in the Asserted Patents.

9.      Headwater has sued T-Mobile (as defined above) for alleged infringement of the Asserted Patents in Eastern District of Texas, Case No. 2:25-cv-00164 (the "T-Mobile Case").

10.    The Complaint in the T-Mobile Case alleges infringement based, in part, upon functionality implemented by T-Mobile's products or technology.

11.    T-Mobile asserts that the Asserted Patents are invalid for failure to satisfy the requirements of 35 U.S.C. § 100, *et seq.*, including, but not limited to, one or more of the following: 35 U.S.C. §§ 101, 102, 103, and/or 112.

12.    T-Mobile further denies any allegation of infringement of the Asserted Patents directly or indirectly, through T-Mobile products or technology.

13.    In view of the foregoing, a conflict of asserted rights between T-Mobile and Headwater with respect to the alleged infringement and validity of the Asserted Patents.

14.    T-Mobile seeks a declaratory judgment of non-infringement of the Asserted Patents, pursuant to the laws of the United States, 35 U.S.C. § 1 *et seq.*, damages, and such other relief as the Court deems just and proper.

15.    T-Mobile seeks this relief because Headwater has accused T-Mobile of infringing the Asserted Patents through T-Mobile's products and technology. T-Mobile believes Headwater's allegations lack merit and thus asks the Court to declare the legal rights of T-Mobile so that T-Mobile is afforded relief from the uncertainty and delay regarding its rights caused by Headwater's allegations against T-Mobile.

**First Counterclaim**
**Declaratory Judgment of Non-Infringement of the '935 Patent**

16.    T-Mobile incorporates by reference the prior allegations.

17.    Headwater alleges that T-Mobile infringes the '935 Patent through T-Mobile's products and technology.

18.    An actual, substantial, and continuing justiciable controversy exists between T-Mobile and Headwater with respect to infringement of the '935 Patent.

19.    T-Mobile's products and technology do not infringe and have not infringed any

valid claim of the '935 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

20.    There exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between T-Mobile and Headwater as to whether T-Mobile's products and technology has infringed or infringes any valid and enforceable claim of the '935 Patent.

21.    T-Mobile requests a judicial determination and declaration that T-Mobile's products and technology do not infringe any valid and enforceable claim of the '935 Patent.

## Second Counterclaim
### Declaratory Judgment of Non-Infringement of the '777 Patent

22.    T-Mobile incorporates by reference the prior allegations.

23.    Headwater alleges that T-Mobile infringes the '777 Patent through T-Mobile's products and technology.

24.    An actual, substantial, and continuing justiciable controversy exists between T-Mobile and Headwater with respect to infringement of the '777 Patent.

25.    T-Mobile's products and technology do not infringe and have not infringed any valid claim of the '777 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

26.    Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between T-Mobile and Headwater as to whether the T-Mobile's products and technology has infringed or infringes any valid and enforceable claim of the '777 Patent.

27.    T-Mobile requests a judicial determination and declaration that T-Mobile's products and technology do not infringe any valid and enforceable claim of the '777 Patent.

## Third Counterclaim
### Declaratory Judgment of Non-Infringement of the '930 Patent

28.     T-Mobile incorporates by reference the prior allegations.

29.     Headwater alleges that T-Mobile infringes the '930 Patent through T-Mobile products and technology.

30.     An actual, substantial, and continuing justiciable controversy exists between T-Mobile and Headwater with respect to infringement of the '930 Patent.

31.     T-Mobile's products and technology do not infringe and have not infringed any valid claim of the '930 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

32.     Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between T-Mobile and Headwater as to whether the T-Mobile's products and technology has infringed or infringes any valid and enforceable claim of the '930 Patent.

33.     T-Mobile requests a judicial determination and declaration that T-Mobile's products and technology do not infringe any valid and enforceable claim of the '930 Patent.

**Fourth Counterclaim**
**Declaratory Judgment of Non-Infringement of the '464 Patent**

34.     T-Mobile incorporates by reference the prior allegations.

35.     Headwater alleges that T-Mobile infringes the '464 Patent through T-Mobile's products and technology.

36.     An actual, substantial, and continuing justiciable controversy exists between T-Mobile and Headwater with respect to infringement of the '464 Patent.

37.     T-Mobile's products and technology do not infringe and have not infringed any valid claim of the '464 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

38.     Accordingly, there exists an actual and justiciable controversy, within the meaning

of 28 U.S.C. §§ 2201 and 2202, between T-Mobile and Headwater as to whether T-Mobile's products and technology has infringed or infringes any valid and enforceable claim of the '464 Patent.

39.    T-Mobile requests a judicial determination and declaration that T-Mobile's products and technology do not infringe any valid and enforceable claim of the '464 Patent.

### Fifth Counterclaim
### Declaratory Judgment of Non-Infringement of the '155 Patent

40.    T-Mobile incorporates by reference the prior allegations.

41.    Headwater alleges that T-Mobile infringes the '155 Patent through T-Mobile's products and technology.

42.    An actual, substantial, and continuing justiciable controversy exists between T-Mobile and Headwater with respect to infringement of the '155 Patent.

43.    T-Mobile's products and technology do not infringe and have not infringed any valid claim of the '155 Patent literally, directly, indirectly (such as contributorily or by way of inducement), willfully, or under the doctrine of equivalents.

44.    Accordingly, there exists an actual and justiciable controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, between T-Mobile and Headwater as to whether T-Mobile's products and technology has infringed or infringes any valid and enforceable claim of the '155 Patent.

45.    T-Mobile requests a judicial determination and declaration that T-Mobile's products and technology do not infringe any valid and enforceable claim of the '155 Patent.

### PRAYER FOR RELIEF

WHEREFORE, T-Mobile prays for judgment as follows:

a.    A declaration that T-Mobile has not infringed the Asserted Patents, contributed to the infringement of any of the Asserted Patents, and/or induced others to infringe any of the

Asserted Patents;

  b.  A judgment in favor of T-Mobile on all of its Defenses;

  c.  A judgment denying any relief whatsoever in favor of Headwater;

  d.  A judgment in favor of T-Mobile on its Counterclaims;

  e.  A judgment that the claims of each of the Asserted Patents are invalid and/or unenforceable;

  f.  A judgment that this action is exceptional within the meaning of 35 U.S.C. § 285 and an award of attorney's fees and expenses of litigation to T-Mobile;

  g.  A judgment dismissing Headwater's Complaint against T-Mobile with prejudice;

  h.  An award to T-Mobile of their fees and expenses of litigation, including but not limited to reasonable attorney's fees and costs;

  i.  Such other and further relief as this Court may deem just and proper.

### DEMAND FOR JURY TRIAL

In accordance with Rule 38 of the Federal Rules of Civil Procedure and Local Rule CV-38, T-Mobile respectfully demands a jury trial of all issues triable to a jury in this action.

Dated:  April 18, 2025                Respectfully submitted,

                                      */s/ Melissa R. Smith*
                                      Melissa R. Smith
                                      TBN 24001351
                                      melissa@gillamsmithlaw.com
                                      **GILLAM & SMITH LLP**
                                      303 S. Washington Avenue
                                      Marshall, Texas 75670
                                      Telephone:  903.934.8450
                                      Facsimile:  903.934.9257

                                      Kevin Anderson
                                      kpanderson@duanemorris.com
                                      **DUANE MORRIS LLP**
                                      901 New York Avenue N.W.
                                      Suite 700 East
                                      Washington, DC 20001-4795
                                      Telephone: (202) 776-5213

                                      ***Counsel for T-Mobile Defendants***

## CERTIFICATE OF SERVICE

The undersigned certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system per Local Rule CV-5(a)(3) on April 18, 2025.

*/s/ Melissa R. Smith*